

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2004

# USA v. Outen

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Outen" (2004). *2004 Decisions*. Paper 799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-3785

———————

UNITED STATES OF AMERICA

v.

ISAIAH OUTEN,
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00065-1)
District Judge:  Honorable Harvey Bartle, III

———————

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2004

Before:  RENDELL, COWEN and LAY*, Circuit Judges.

(Filed: April 21, 2004)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

_____

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

On June 20, 2002, Isaiah Outen was convicted by a jury of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). He was sentenced to 90 months in prison, three years supervised release, and a criminal monetary penalty of $100. Outen now appeals. For the reasons stated below, we will affirm the District Court's order. In addition, we will grant the motion of Outen's counsel, Geoffrey V. Seay, Esq., for leave to withdraw as counsel.

Outen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Outen's appeal raises no non-frivolous issues. When evaluating an *Anders* brief, we inquire 1) whether counsel adequately represented his client; and 2) whether an independent review of the record reveals any non-frivolous issues that could support an appeal. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Here, counsel has identified two possible issues that might arguably support an appeal, and he has examined the record and explained why the issues are frivolous. An independent review of the record also reveals that Outen's appeal is frivolous. In reviewing the record, we examine those portions of the record identified by counsel's Anders brief and Outen's pro se brief. Youla, 241 F.3d at 301. In his brief, counsel presents two possible issues: 1) whether the District Court correctly denied Outen's motion to suppress physical evidence and statements he made, and 2) whether the District Court properly sentenced Outen. In his pro se brief, Outen asserts the issues raised in defense counsel's brief as well as three additional issues: 1) the government "solicited

perjured testimony to prevail," 2) the government violated his due process rights when it amended his indictment to include a charge of possession of ammunition, and 3) the District Court gave improper jury instructions.

With regard to the first issue identified in the Anders brief, the District Court properly denied the motion to suppress evidence of a weapon that Outen discarded and bullets found on his person, as well as statements he made during his arrest. The Supreme Court has explained that a police officer may "stop" a person on the street if the officer has a reasonable and prudent belief that the person is involved in criminal activity, and, incident to that stop, "frisk" the person if the officer has "articulable suspicion" that the person is involved in "a crime of violence." Terry v. Ohio, 392 U.S. 1, 13, 33 (1968). Here, the officers, responding to a radio call about a man with a gun, observed Outen outside a building. Upon seeing Mr. Outen, the officers determined that he matched the radio description, watched him, and then parked and exited their car, at which time Outen began to run. He threw down the handgun before the officers stopped and frisked him. The officers then picked up the gun they had seen Outen drop, and arrested him.

With respect to the physical evidence, Outen had not yet been stopped at the time he dropped the gun. Thus, the police did not obtain the gun illegally and it was properly admitted into evidence. See California v. Hodari D., 499 U.S. 621, 624 (1991). In light of the discovery of the gun, the officers had probable cause to lawfully arrest Outen. See Horton v. California, 496 U.S. 128, 136 (1990). They discovered the bullets on Outen's

person during a search incident to that lawful arrest. See New York v. Belton, 453 U.S. 454, 457 (1981); Chimel v. California, 395 U.S. 752, 762-63 (1969). Thus, the bullets were also properly admitted.

With respect to the statement he made to the police, Outen voluntarily told the officers that the gun belonged to his sister. Because the statement was not made in response to any questioning by the police, it was admissible despite the fact that Outen had not yet received the Miranda warnings. See Miranda v. Arizona, 384 U.S. 436, 478 (1966) (stating that "volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not barred by [its] holding").

With regard to the second issue identified by the Anders brief, the sentence imposed by the District Court was well within the applicable guidelines range. Outen's base offense level was 24. As a result of his prior offenses,[1] Outen received four criminal history points. See U.S.S.G. § 4A1.1(a), (c). He also received two additional criminal history points because, at the time he committed this offense, he was on

---

[1]As detailed in defense counsel's brief, Outen was convicted of several prior offenses: manufacturing, delivery and possession with the intent to manufacture or deliver of a controlled substance; robbery; aggravated assault; possession of a firearm without a license; and criminal conspiracy. The sentences for these offenses were consolidated; however, because Outen was arrested separately for his prior offenses, the sentences were properly considered separately for purposes of determining Outen's Criminal History Category. See U.S.S.G. § 4A1.2, app. note 3; see also United States v. Hallman, 23 F.3d 821, 825 n.3 (3d Cir. 1994) ("note 3 instructs that whenever offenses are separated by intervening arrests, the sentences for those offenses are unrelated regardless of whether sentencing was consolidated").

probation or parole.  See U.S.S.G. § 4A1.1(d).  Finally, he received one point for committing the instant crime less than two years after being released from state custody.  See U.S.S.G. § 4A1.1(e).  This gave Outen a total of seven criminal history points, placing him in Criminal History Category of IV pursuant to § 5A of the Sentencing Guidelines.  Thus, the 90-month sentence imposed by the District Court was within the 77- to 96-month range of the Guidelines.  Additionally, Outen's sentence to three years supervised release is permitted under 18 U.S.C. §3561(c)(1).

As required by Anders, Outen received notice of defense counsel's intent to withdraw, allowing him the opportunity to file a pro se brief.  Although Outen filed such a brief and raised essentially three additional issues, we find them lacking in merit.

First, Outen argues that the government "solicited perjured testimony to prevail" during his suppression hearing.  Three out of the four officers present the day the incident occurred testified, and the District Court accepted their testimony as credible.  There is simply no evidence that the officers' testimony constituted perjury.  Second, Outen argues that the government violated his due process rights when it amended his indictment to include a charge of possession of ammunition.  However, this claim has no merit because the original indictment did, in fact, charge Outen with both offenses.  Third, Outen contends that the District Court gave "improper jury instructions where Judge Bartle failed to in form (*sic*) the jury."  As the government points out in its brief, this argument is not clear enough to be a decidable issue, and therefore we also find this contention

5

without merit.

Because counsel conducted a conscientious review of the record and correctly found that there were no non-frivolous issues to support an appeal, the <u>Anders</u> standard is satisfied. <u>See</u> <u>Anders</u>, 386 U.S. at 744. Accordingly, we will grant defense counsel's request to withdraw from the appeal. We will also AFFIRM Outen's conviction and sentence.

---